UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILBUR J. "BILL" BABIN, JR. | CIVIL ACTION |
| VERSUS | NO: 10-896-SM-SS |
| CADDO EAST ESTATES I, LTD., et al | |

**ORDER**

TRUSTEE'S MOTION TO FILE SECOND AMENDED COMPLAINT (Rec. doc. 69)

**GRANTED**

On November 10, 2011, the District Judge issued a scheduling order with a January 3, 2012 deadline for the amendment of pleadings. Rec. doc. 67. On March 9, 2012, the plaintiff, Wilbur J. "Bill" Babin, Jr., in his capacity as Trustee of the Bankruptcy Estate of Phoenix Associates Land Syndicate (the "Trustee"), filed a motion to modify the scheduling order and for leave to file a second amended complaint. Rec. doc. 69. The motion was extensively briefed. Rec. docs. 75, 84, 90 and 92. Much of this briefing concerned whether the scheduling order should be modified under Fed. R. Civ. P. 16. This issue became moot when the District Judge set aside the scheduling order. Rec. doc. 104. The parties' attempt at settlement through private mediation was unsuccessful. Rec. doc. 109. The Court reset the motion to file a second amended complaint and permitted the parties to file additional briefs. Rec. doc. 110. The defendants filed a supplemental memorandum. Rec. doc. 112. The Trustee filed a reply. Rec. doc. 115.

Because the Rule 16 issue is moot, the motion is resolved pursuant to Rule 15(a)(2). The defendants argue that: (1) the amendment is futile; (2) the amendment will impose undue prejudice on them; (3) the Trustee has repeatedly failed to cure deficiencies in the complaint; and (4) there has

been undue delay.

A district court is properly within its discretion to deny a motion for leave to amend if the amendment is futile. Stripling v. Jordan Production Company, L.L.C., 234 F.3d 863, 873 (5th Cir. 2000). An amendment is futile where the amended complaint fails to state a claim upon which relief can be granted. Id. To determine futility, the district court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (quoting Shane v. Fauver, 213 F.3d 113, 115 (3rd Cir. 2000).

> The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 873 (Citations, quotation marks and brackets omitted). For the reasons presented by the Trustee, the defendants have not met this standard.

The defendants argue that they will suffer undue prejudice if the amendment is permitted because: (1) the Trustee would be permitted to fundamentally alter the nature of the case;[1] (2) the proposed amendment will require substantial new discovery; and (3) the proposed amendment contradicts the Trustee's description of his claims which were made in response to defendants' motion to transfer to the Eastern District of Texas and before the Fifth Circuit on the appeal of the

---

[1] The defendants contend that the Trustee's pleadings present a cause of action for constructive fraudulent transfer with the primary issue being a basic comparison of the value of what the debtor transferred to the defendants against the value of what the debtor received from the defendants in return. Under the proposed amendment, the defendants contend that the case will expand far beyond a simple valuation case. Rec. doc. 112 at 10. The Trustee counters that the proposed claims flow directly from the allegations that the transaction was improper.

venue issue.[2] The Trustee argues that there is no prejudice because there is no scheduling order. While the defendants will incur additional costs as a result of the proposed amendment, this is not sufficient to establish undue prejudice. The issue of prejudice is resolved against the defendants because the scheduling order was vacated and a new one has not been issued.

The defendants contend that: (1) the original complaint argued that the alleged transfers were made at a time when the debtor was insolvent; (2) the Trustee made efforts to amend which were denied either as moot or because the case was stayed; (3) after the judgment in Fifth Circuit, the Trustee was granted leave to amend with the consent of the defendants; (4) six months later the Trustee sought to file the proposed amendment; and (5) this demonstrates that the Trustee has repeatedly failed to cure deficiencies. The Trustee argues that the failure to cure deficiencies occurs when: (1) a plaintiff has on multiple occasions, failed to state a claim; (2) the failure is brought to the plaintiff's attention; and (3) although the plaintiff is given an opportunity to cure the deficiency, he fails to do so. The Trustee's position is correct. The defendants' argument is addressed to the issue of whether there was undue delay in presenting the proposed amended complaint.

On January 10, 2010, the Trustee filed the complaint to avoid fraudulent transfers against the defendants. Rec. doc. 1 (Attachment). On March 18, 2010, the defendants moved to withdraw the reference to the Bankruptcy Court of the adversary proceeding and transfer it to federal court in Texas. Rec. doc. 1. On September 30, 2010, the order of reference was withdrawn, but the request for a transfer was denied. Rec. doc. 30. At the request of the defendants, a stay was entered while the defendants pursued an interlocutory appeal. Rec. doc. 41.

---

[2] The defendants argue that the Trustee represented that he was prosecuting claims that were limited to the Bankruptcy Code but the proposed amendment raises non-Bankruptcy Code claims.

3

While the appeal and the stay were pending, the Trustee sought leave to amend to restate the complaint and add two paragraphs alleging that: (1) the debtor was about to engage in a transaction which would leave the debtor with an unreasonably small capital; and (2) in the alternative, the debtor intended to incur debts that would be beyond its ability to pay as they matured. Rec. doc. 51 (Exhibit A at 2-3). Because of the stay order, the motion was denied. Rec. doc. 57.

On October 19, 2011, the Fifth Circuit affirmed the order denying the transfer to Texas. Rec. doc. 60. The next day, the Trustee moved to file the proposed amended complaint with the two paragraphs described above. Rec. doc. 59. The motion was granted. Rec. doc. 62. The defendants answered. Rec. doc. 65. A scheduling order was issued setting the case for trial on August 20, 2012.

On March 9, 2012, the Trustee sought to file the second amended complaint. Rec. doc. 69.

Until the Fifth Circuit acted on the appeal and the stay was lifted, the Trustee was not able to amend the complaint as evidenced by the May 24, 2011 order denying the Trustee leave to file the first amended complaint. The issue is whether there was undue delay after the stay was lifted on October 19, 2011. The motion for leave to file the second amended complaint was presented on March 9, 2012 or within six months of the lifting of the stay. For the reasons presented by the Trustee, there was not undue delay. This is consistent with the requirement that, "[t]he court should freely give leave (to amend) when justice so requires. Fed. R. Civ. P. 15(a)(2).

IT IS ORDERED that the Trustee's motion for leave to amend (Rec. doc. 69) is GRANTED.

New Orleans, Louisiana, this 13th day of August, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**

4