UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

WILBUR J. "BILL" BABIN, JR.,     CIVIL ACTION
IN HIS CAPACITY AS TRUSTEE
OF THE BANKRUPTCY ESTATE
OF PHOENIX ASSOCIATES
LAND SYNDICATE,
    Plaintiff

VERSUS      No. 10-896

CADDO EAST ESTATES I, LTD,      Section "E"
ET AL.
    Defendants

## ORDER AND REASONS

Before the Court is a motion under Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss the claim of plaintiff Wilbur Babin, Jr. (the "Trustee") under 11 U.S.C. § 548(a)(1)(A), filed by Caddo East Estates I, Ltd., Jet Transfer, L.L.C., Preston Turbines, L.L.C., Grayson Aviation I, L.L.C., CEE Transfer, L.L.C., Lake Texoma Jet Center, L.L.C., Red River Turbines, L.L.C., and George Schuler (together, "Defendants").[1] The Trustee opposes the motion.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

Wilbur Babin, Jr. is the trustee for the bankruptcy estate of Phoenix Land Associates, Inc. ("Debtor"), which has as its principals C. Paul Alonzo, Ronald L. Blackburn, and Carolyn Alonzo. Debtor filed a voluntary petition for bankruptcy under Chapter 11 on June 10, 2009, which was converted into a Chapter 7 liquidation proceeding on July 31, 2009.

---

[1]      R. Doc. No. 133.

[2]      R. Doc. No. 143.

1

The Trustee was appointed on July 31, 2009, and confirmed on August 27, 2009.

On January 19, 2010, the Trustee filed the instant suit, suing Defendants other than Schuler for avoidance of fraudulent transfers on a theory of constructive fraud. On August 18, 2012, after being granted leave, he filed the second amended complaint at issue, which: (1) added Schuler as an additional defendant, accusing him of aiding and abetting the principals of the Debtor in breaching their fiduciary duties; (2) added a cause of action against Defendants for recovery of fraudulent transfers based on a theory of actual fraud under 11 U.S.C. § 548(a)(1)(A); and (3) added a cause of action against Defendants for a declaratory judgment that the transfer of Debtor's real property is a nullity under Louisiana law.

Defendants now move to dismiss the claim for actual fraud in the Trustee's second amended complaint, asserting that it is barred by the statute of limitations and is not pleaded with the specificity required by Federal Rule of Civil Procedure 9(b).[3]

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a

---

[3] R. Doc. No. 133-1, p. 3.

> complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief. " *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court cannot look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

Complaints that allege fraud must meet a higher standard of pleading. *Haber Oil Co. v. Swinehart*, 12 F.3d 426, 439 (5th Cir. 1994). Federal Rule of Civil Procedure 9(b) requires complaints asserting fraud to set forth the facts with sufficient particularity so as to "provide defendants adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).

3

**ANALYSIS**

**I.     Statute of Limitations**

Section 548 claims are subject to a limitations period of the later of (1) two years after the date the bankruptcy petition was filed and (2) one year after the trustee's appointment. 11 U.S.C. § 546(a)(1). Defendants assert that the Trustee's Section 548 claim should therefore be dismissed because he filed the second amended complaint later than either time, and the second amended complaint does not relate back to the original complaint.

Under Federal Rule of Civil Procedure 15(c)(1)(B), an amended complaint relates back to the original complaint, and is therefore considered filed on the date of the original complaint for limitations purposes, when it "asserts a claim or defenses that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading." *FDIC v. Bennett*, 898 F.2d 477, 480 (5th Cir. 1990).

The Trustee's claim of actual fraud arises out of the same set of transactions and occurrences set out in support of the claim for constructive fraud in his original complaint. Both turn on the effect of the same Debt Modification Agreement and the same transfers of assets, in short, the same scheme.[4] That the Trustee "state[d] a new legal theory of relief [and] amplif[ied] the facts alleged in the prior complaint" does not change the fact that

---

[4] A red line of the second amended complaint against the original complaint appears in R. Doc. No. 143-1.

"relation back is allowed." *FDIC v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994).

Defendants do not seriously dispute that the actual fraud claim arises out of the same transaction or occurrence described in the original complaint. Instead, they argue that the original complaint "involved a simple claim [for constructive fraud] and whether the Debtor received 'reasonably equivalent value' for the transfers," while the amended complaint "introduces detailed allegations about the Principals and their operation of the Debtor and whether the Principals made the transfers with the 'intent to hinder, delay, or defraud.'"[5] But so long as both claims arise out of the same conduct, transaction, or occurrence—and at the very least they arise out of the same transaction, given that the Trustee's actual and constructive fraud claims are both based on the same agreement and same transfers—the amended complaint relates back. *In re Grube*, 2013 WL 343455, at *8 (Bankr. C.D. Ill. Jan. 29, 2013) ("Although the elements of the [actual fraud and constructive fraud] claims and the evidence needed to prove those elements are largely different, the claims arise out of the same transfer—the same conduct, transaction or occurrence, which is the standard used in Civil Rule 15(c)(1)(B). The Court reluctantly determines that the actual fraud claims must be deemed to relate back to the timely pleaded constructive fraud claims for purposes of Civil Rule 15(c), as arising out of the same conduct, transaction or occurrence.")

## II. Rule 9(b)

Defendants also assert that the Trustee has failed to adequately plead his claim for actual fraud under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which requires a party "to state with particularly the circumstances

---

[5] R. Doc. No. 133-1, p. 4.

constituting fraud." Although the matter is not free from doubt, Defendants are probably correct that in this Circuit the Trustee must meet the heightened pleading standard in Rule 9(b). *In re NE 40 Partners*, 440 B.R. 124, 128 (Bankr. S.D. Tex. 2010); *see also In re Gene Exp., Inc.*, 2013 WL 1787971, at *3 (Bankr. E.D.N.C. Apr. 26, 2013) ("In order to survive a motion to dismiss for actual fraud under § 548, the trustee's complaint must satisfy the particularity requirement of Rule 9(b).").[6] Because this heightened standard is met in this case, it is not necessary for the Court to decide this issue.

Fraud under 11 U.S.C. § 548(a)(1) means any transfer made "with actual intent to hinder, delay or defraud" creditors. *In re Soza*, 542 F.3d 1060, 1067 (5th Cir. 2008). There are six "'badges of fraud' that tend to evidence a transfer made with intent to defraud." *Id.* They are:

> (1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of events and transactions under inquiry.

*Id.* (citing *Chastant v. Chastant*, 873 F.2d 89, 91 (5th Cir. 1989)). The "circumstances constituting fraud" under Section 548 need not be statements, but may instead be actions

---

[6] *But see Pate v. Hunt*, 136 B.R. 437, 452 (Bankr. N.D. Tex. 1991) ("The Court also emphasizes that a less stringent standard prevails in a bankruptcy proceeding involving fraudulent transfer claims brought by a trustee." (citing *Hassett v. Weissman*, 35 B.R. 854, 862 (Bankr. S.D.N.Y. 1983))). The rationale for this less stringent standard is that "the third party trustee is generally pleading fraud on second-hand information." *Id.*; *see also Aphton Corp. v. Sonafi Pasteur*, 423 B.R. 76, 85 (Bankr. D. Del. 2010).

coupled with these indicia of fraud.[7]

The Trustee has adequately pleaded the required "who, what, when, where, and how" of the alleged fraud. *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003); *In re NE Partners*, 440 B.R. at 129. The Trustee has alleged that, while aware Debtor was insolvent or about to be, three of Debtor's insiders caused it to transfer specific, identified property worth no less than $8 million to companies designated by its lender.[8] This provides facts tending to support two of the badges of fraud: the poor "financial condition of the party sought to be charged both before and after the transaction in question" and the "close associate relationship"—lender and lendee—"between the parties." The Trustee also alleges that the transfer did not result in a release or satisfaction of Debtor's obligations to its lender, but did result in a release of Debtor's officers and insiders from a personal guarantee of nearly $3 million.[9] This provides facts tending to support two more badges of fraud: there was a "lack or inadequacy of consideration" and "retention of . . . benefit"—discharge of their personal indebtedness—by Debtor's insiders. And the Trustee alleges that the transaction was unusual, inasmuch as it provided for multiple

---

[7] Defendants are also wrong to suggest that the Trustee's failure to plead secrecy or concealment is somehow fatal. R. Doc. No. 133-1, p. 7. Even if all of the badges of fraud had to be present, and they do not have to be, secrecy or concealment, though doubtlessly probative of fraudulent intent, is not listed in the Fifth Circuit's articulation of them. In any event, the Trustee's allegations concerning the convoluted nature of the transaction would satisfy any requirement of concealment.

[8] R. Doc. No. 129, pp. 4–5. Rule 9(b) allows "intent, knowledge, and other conditions of a person's mind [to] be alleged generally." Accordingly, there was no need for the Trustee to allege the actors' awareness with particularly.

[9] R. Doc. No. 129, pp. 4–5, 10.

transfers of the same property, with assets going to some companies owned by the principal of Debtor's lender and liabilities going to others.[10] This supports the badges or fraud above, as well as provides information concerning the "cumulative effect of the pattern or series of transactions."

The Trustee has clearly identified the who, what, when, where, and how of the alleged fraud, or put another way, the "'property allegedly conveyed, the timing and frequency of those allegedly fraudulent conveyances, [and] the consideration paid.'" *In re M. Fabrikant & Sons, Inc.*, 447 B.R. 170, 186 (Bankr. S.D.N.Y. 2011) (quoting *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 221 (S.D.N.Y. 2002)). That is all that is required.

## CONCLUSION

The Trustee's second amended complaint relates back to the original complaint, and it adequately pleads a claim for actual fraud under the standard set forth in Federal Rule of Civil Procedure 9(b). Accordingly, Defendants' motion to dismiss is **DENIED**.

**New Orleans, Louisiana, this August 9th, 2013.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. No. 129, p. 12.