## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILBUR J. "BILL" BABIN, JR., IN HIS CAPACITY AS TRUSTEE OF THE BANKRUPTCY ESTATE OF PHOENIX ASSOCIATES LAND SYNDICATE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-896** |
| **CADDO EAST ESTATES I, LTD, ET AL.** | **SECTION "E"** |
|     **Defendants** | |

## ORDER AND REASONS

Before the Court is a motion to dismiss Plaintiff's Texas state law claim for aiding and abetting Debtor's officers' and directors' breach of fiduciary duty in Fifth Amended Compliant[1] and to dismiss Schuler as a Defendant pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Caddo East Estates I, Ltd. ("Caddo") and George Schuler ("Schuler").[2] The Court has reviewed the briefs, the record, and the applicable law and now issues this Order and Reasons.

## BACKGROUND

Wilbur Babin, Jr. is the Trustee for the bankruptcy estate of Phoenix Land Associates, Inc. ("Debtor"), which has as its principals C. Paul Alonzo, Ronald L. Blackburn, and Carolyn Alonzo ("the Principals"). Debtor filed a voluntary petition for

---

[1] R. Doc. 197.
[2] R. Doc. 198.

bankruptcy under Chapter 11 on June 10, 2009, which was converted into a Chapter 7 liquidation proceeding on July 31, 2009. The Trustee was appointed on July 31, 2009 and confirmed on August 31, 2009.

On January 19, 2010, the Trustee filed the instant suit, suing Defendants other than Schuler for avoidance of fraudulent transfers on a theory of constructive fraud. On August 13, 2012, after being granted leave, he filed a Second Amended Complaint, which: (1) added Schuler as an additional Defendant, accusing him of aiding and abetting the Principals of the Debtor in breaching their fiduciary duties; (2) added a cause of action against Defendants for recovery of fraudulent transfers based on a theory of actual fraud under 11 U.S.C. § 548(a)(1)(A); and (3) added a cause of action against Defendants for a declaratory judgment that the transfer of Debtor's real property is a nullity under Louisiana law.[3]

Schuler moved to dismiss the Second Amended Complaint on various grounds.[4] The Court issued the First Schuler Order denying the motion to dismiss concluding that (1) the Bankruptcy Code does not preempt a claim for aiding and abetting breach of a fiduciary duty, and (2) Louisiana law applies to the Trustee's claim for aiding and abetting breach of fiduciary duty,[5] and Louisiana might permit a civil conspiracy claim. The Court granted Plaintiff leave to amend "to plead a cause of action for conspiracy under Louisiana law."[6]

---

[3] R. Docs. 117, 129 (substitution adding an allegation of diversity jurisdiction).
[4] R. Doc. 136.
[5] On page three of the memorandum in support of the second motion to dismiss, filed by Caddo East Estates I, Ltd. and Schuler (R. Doc. 179-1), Schuler says the Court held in the First Schuler Order that Louisiana law "governs plaintiff's claims against Schuler in the lawsuit." However, the Court's holding was only with respect to the trustee's aiding and abetting breach of fiduciary claim against Schuler.
[6] R. Doc. 168.

Plaintiff then filed Third and Fourth Amended Complaints.[7] In the Fourth Amended Complaint, Plaintiff alleged that Defendants Schuler and Caddo knowingly participated and assisted in the Principals' breaches of the fiduciary duties they owed to the Debtor and that the Debtor was proximately damaged by Schuler and Caddo aiding and abetting the breaches.[8] Plaintiff also alleged that Caddo and Schuler conspired with each other and with the officers and directors of Phoenix to commit fraud.[9] Caddo and Schuler filed a second motion to dismiss the new conspiracy claim in the Fourth Amended Complaint and to dismiss Schuler as a defendant altogether.[10]

Plaintiff then filed a motion to reconsider asking that the Court review its rulings in the First Schuler Order "relative only to the following issues: (1) Whether Texas law, and not Louisiana law, governs the Trustee's aiding and abetting claim pursuant to the standards set forth in La. C.C. Art. 3543, or alternatively Art. 3542; and, if not (2) Whether the Trustee's civil conspiracy claims are prescribed or are otherwise not viable."[11] In the First Schuler Order, the Court held that Louisiana's choice-of-law rules applied and that Louisiana Civil Code article 3542 supplied the analysis to be used when deciding which state's law applied to the Plaintiff's claim for aiding and abetting a

---

[7] R. Docs. 171, 177.

[8] The heading after Count 3 of Fourth Amended Complaint states: "Aiding and Abetting Breach of Fiduciary Duty of the Debtor's Officers and Directors Under Texas law." Subheadings included in a complaint are not part of the factual allegations. The choice of law is a question of law to be decided by the Court based on the factual allegations and not on subheadings found in the Complaint.

[9] R. Doc. 177 at pp. 15—19.

[10] R. Doc. 179.

[11] R. Doc. 173 at p. 1. The motion to reconsider was unusual in that it was filed by the prevailing party in the denial of the first motion to dismiss. Plaintiff did not ask the Court to reconsider its denial of the motion to dismiss but only its basis for denial insofar as it was based on choice-of-law principles. The Court also notes that the First Schuler Order did not contain a ruling on prescription. That issue was not properly raised by the motion to reconsider and, thus, was not addressed.

breach of fiduciary duty.[12] The Court found that, under the factors set out in article 3542, Louisiana law applied. In the motion to reconsider, the Plaintiff argued that instead article 3543 should be used, and under that article, Texas law applies to this claim. The Court reconsidered its ruling in the First Schuler Order and held that Texas law governs the Trustee's claim for aiding and abetting breach of fiduciary duty.[13]

Because the Court reconsidered its prior ruling and held that Texas law applies to Plaintiff's claims for aiding and abetting breach of fiduciary duty, the Court granted Plaintiff leave to file a Fifth Amended Complaint asserting a cause of action for breach of fiduciary duty only under Texas law. Schuler and Caddo's motion to dismiss was denied without prejudice, and they were given leave to file a motion to dismiss in response to Plaintiff's Fifth Amended Complaint. Plaintiff's Fifth Amended Complaint was filed on August 15, 2014 and asserts a Texas state law claim for aiding and abetting debtor's officers' and directors' breach of fiduciary duty.[14] Defendants Caddo and Schuler then filed this motion to dismiss Plaintiff's Texas state law claim for aiding and abetting in Fifth Amended Complaint and to dismiss Schuler as a Defendant pursuant to Fed. R. Civ. P. 12(b)(6).[15]

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be

---

[12] *See* R. Doc. 168.
[13] R. Doc. 196.
[14] R. Doc. 197.
[15] R. Doc. 198.

granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[16] As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief. " *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).[17]

This Court cannot look beyond the factual allegations in the pleadings to determine whether relief should be granted.[18] In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff.[19] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[20] "A statute-of-limitations defense may be raised in a motion to dismiss under Fed.R.Civ.P. 12(b)(6), but the defense is subject to the traditional rule that the motion cannot be granted unless 'it appears beyond doubt that

---

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[17] 577 F.3d 600, 603 (5th Cir. 2009).

[18] *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[19] *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

[20] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (alteration in original) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[21]

## ANALYSIS

Defendants assert that Plaintiff has failed to allege sufficient facts to support a valid Texas state law claim for "knowing participation" in a breach of fiduciary duty, and, thus, the claim must be dismissed.[22] The Fifth Circuit has stated:

> Under Texas law, "where a third party knowingly participates in the breach of duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such." *Kinzbach Tool Co. v. Corbett–Wallace Corp.,* 138 Tex. 565, 160 S.W.2d 509, 514 (1942). To establish a claim for knowing participation in a breach of fiduciary duty, a plaintiff must assert: (1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware that it was participating in the breach of that fiduciary relationship. *See Cox Tex. Newspapers, L.P. v. Wootten,* 59 S.W.3d 717, 721–22 (Tex.App.2001) (citing *Kinzbach Tool,* 160 S.W.2d at 514).[23]

Texas courts also refer to this claim as aiding and abetting a breach of fiduciary duty of another.[24]

Defendants argue Plaintiff fails to allege Caddo and Schuler knew of the existence of a fiduciary relationship or that they knew they were participating in a breach of that fiduciary relationship.[25] Plaintiff responds that he has set forth sufficient facts in his Fifth Amended Complaint to satisfy the plausibility standard under *Twombly* and

---

[21] *Cross v. Lucius*, 713 F.2d 153, 156 (5th Cir. 1983) (quoting *Abdul-Alim Amin v. Universal Life Insurance Co.*, 706 F.2d 638, 640 (5th Cir. 1983)).

[22] R. Doc. 199 at p. 4.

[23] *Meadows v. Hartford Life Ins. Co.,* 492 F.3d 634, 639 (5th Cir. 2007).

[24] *See, e.g.*, *Floyd v. Hefner*, 556 F. Supp. 2d 617, 654 (S.D. Tex. 2008) ("Texas recognizes a cause of action for aiding and abetting a breach of fiduciary duty."); *Hendricks v. Thornton*, 973 S.W.2d 348, 372 (Tex. App. 1998, *pet. denied*) (recognizing a cause of action for "aiding and abetting a breach of fiduciary duty of another").

[25] R. Doc. 199 at pp. 5–6; R. Doc. 212 at p. 6.

*Iqbal*.[26] The Court finds that Plaintiff's Fifth Amended Complaint contains sufficient factual allegations that, when accepted as true, "'state a claim to relief that is plausible on its face.'"[27] Specifically, the Fifth Amended Complaint alleges the existence of a fiduciary relationship in paragraphs 40 and 41.[28] It also sets forth sufficient facts from which one may infer that the remaining two elements are met: that Schuler and Caddo knew of the fiduciary relationship and that they were aware that they were participating in the breach of that fiduciary relationship.[29] For this reason, Plaintiff's claim sufficiently states a claim for relief.

Defendants also assert that the Trustee's claim for aiding and abetting breach of the Debtor's directors' and officers' duties must be dismissed because it is barred by Louisiana's one-year prescriptive period for delictual actions.[30] Even though Texas substantive law applies to Plaintiff's claim, Defendants claim that Louisiana procedural law applies and that Louisiana's laws regarding prescription are considered procedural

---

[26] R. Doc. 207 at pp. 5–6.

[27] *Ashcroft v. Iqbal*, 556 U.S.662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[28] R. Doc. 197. ("40. The Alonzos and Blackburn were officers and directors of the Debtor and as such enjoyed a position of confidence with the Debtor. . . . 41. Paul Alonzo, Carolyn Alonzo, and Ron Blackburn, as the Debtor's officers and directors owed various fiduciary duties to the Debtor . . . .").

[29] The Fifth Amended Complaint states that the Defendants were co-conspirators with the officers and directors and that

    Caddo and Schuler knowingly participated and assisted and acted in concert with and in said breaches of the fiduciary duties, by inter alia:

    (a) knowingly devising and implementing the DMA and the accompanying agreements that perpetrated a fraud on the Debtor, on its creditors and on the creditors of the companies wholly owned by the Debtor;

    (b) knowingly facilitating and "papering" the improper transfer of assets from the Debtor without adequate consideration being given and thus improperly denuding the Debtor of its assets; and

    (c) knowingly participating in taking steps to hide or conceal the fraudulent nature of the transactions with the affiliated defendants through a myriad of transfers and nominees.

R. Doc. 197 at p. 15.

[30] R. Doc. 199 at p. 7.

laws.[31] Plaintiff argues that the Court should instead apply Texas procedural law because the substantive–procedural choice-of-law rules that apply to diversity cases do not apply in bankruptcy cases.[32] Plaintiff further claims that, regardless of whether Texas or Louisiana law applies, Plaintiff's claim has not prescribed because of tolling.[33]

Defendants filed their first motion to dismiss on September 28, 2012.[34] At that time, Plaintiff and Defendants argued that Louisiana's choice-of-law rules should apply.[35] Notably, Plaintiff at that time argued that, although the Court is not bound by *Klaxon*[36] because this matter is not founded on diversity jurisdiction, the Court should nonetheless follow *Klaxon* and apply the choice-of-law rules of the forum: Louisiana.[37] Defendants agreed that Louisiana's choice-of-law provisions should apply.[38]

Both parties agreed that the Court should apply Louisiana's choice-of-law rules. Many bankruptcy courts follow the forum state's choice-of-law rules when dealing with state law claims.[39] Finding this approach to be correct, the Court ordered that Louisiana's choice-of-law rules govern the instant matter.[40] Rather than addressing

---

[31] *Id.*

[32] R. Doc. 207 at p. 6.

[33] *Id.* at p. 9.

[34] R. Doc. 136.

[35] R. Doc. 148 at pp. 12–13; R. Doc. 154 at p. 3.

[36] *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941). The Supreme Court in *Klaxon* held that federal courts sitting in diversity should apply the choice-of-law rules of the state in which it sits. *Id.* at 496.

[37] R. Doc. 148 at pp. 12–13. Courts are split on whether *Klaxon* applies to bankruptcy courts when the claims at issue are rooted in state law. Some courts understand *Klaxon* to require that the forum state's choice-of-law rules apply in bankruptcy cases involving state law claims, although some say there is an exception when federal interests are implicated. Others apply an independent judgment test or the federal choice-of-law rules. *See* 1 Bankruptcy Litigation § 5:372 *Conflict of law rules applied on state law-based claims* (updated July 2014) (compiling cases and addressing the different tests).

[38] R. Doc. 154 at p. 3.

[39] *See, e.g.*, *In re Merritt Dredging Co., Inc.*, 839 F.2d 203 (4th Cir. 1988); *In re Gaston & Snow*, 243 F.3d 599 (2d Cir. 2001); *see also supra* note 37.

[40] R. Doc. 168 at p. 5, 5 n.10 ("Federal courts sitting in diversity apply the choice of law rules of the state in which the court is located. . . . Courts sitting in bankruptcy are not technically bound by *Klaxon*, as they

Louisiana's choice-of-law rules in their briefs for this pending motion, both parties argue about whether laws of prescription are procedural or substantive and whether the rules are applied differently in bankruptcy cases. These arguments ignore the fact that the Court already has ruled that Louisiana's conflicts rules apply, and the Court now rules that Louisiana Civil Code article 3549 provides the analysis for deciding which limitations or prescriptive period applies.[41] The Court's use of the forum state's choice-of-law rules in this case is consistent with the approach taken by many courts in dealing with state law claims related to bankruptcy cases not implicating important federal policies.[42]

Louisiana has codified its choice-of-law rules, including its rule for determining which limitations or prescriptive period applies.[43] Article 3549 sets forth the rules for selecting the applicable statute of limitations. In this case, the Court has determined that Texas substantive law applies. Thus, the applicable subsection under the article is subsection (B), which provides:

> B. When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:
> (1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be

---

[41] R. Doc. 168 at p. 5, 5 n.10; La. C.C. art. 3549.

[42] *See supra*, notes 37, 39. The Fifth Circuit still has not spoken on this issue. *See In re Mirant Corp.*, 675 F.3d 530, 536 (5th Cir. 2012) ("This circuit has not determined whether the independent judgment test or the forum state's choice-of-law rules should be applied in bankruptcy."); *Woods-Tucker Leasing Corp. of Ga. v. Hutcheson-Ingram Dev. Co.*, 642 F.2d 744, 748 (1981). The Court maintains its view that the choice-of-law rules of Louisiana, the forum state, apply.

[43] *Trizec Properties, Inc. v. U.S. Mineral Products Co.*, 974 F.2d 602, 604–05 (5th Cir. 1992). *See* La. C.C. art. 3549.

are not exercising diversity jurisdiction. Nevertheless, bankruptcy courts apply the choice of law rules of the state in which they sit as a matter of course when dealing with state law claims in bankruptcy. *In re E. Cameron Partners, L.P.*, 2011 WL 4625368, at *3 (Bankr. W.D. La. June 23, 1999).").

applicable to the merits and maintenance of the action in this state is warranted by compelling considerations of remedial justice.[44]

At the motion to dismiss stage, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[45] In Louisiana, delictual actions are subject to a one-year prescriptive period, which may be tolled under the doctrine of *contra non valentem*.[46] Under Texas law, the statute of limitations for aiding and abetting a breach of fiduciary duty is three years from when the action accrues and is subject to Texas's respective tolling principles.[47] In this case, questions exist as to when Plaintiff's cause of action accrued, when the limitations period began and whether it has expired, and whether the period was tolled. Because it is not apparent from the face of the Fifth Amended Complaint that the action is time barred, dismissal under Rule 12(b)(6) is not appropriate. Instead, a motion for summary judgment is the proper mechanism to raise the issue of whether Plaintiff's claim is barred by Defendant's statute of limitations defense, but only after the facts have been further developed.

---

[44] La. Civ. Code art. 3549(B).

[45] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

[46] La. Civ. Code art. 3492; *Wells v. Zadeck*, 89 So. 3d 1145, 1150 (La. 2012) ("Louisiana jurisprudence has long recognized the doctrine of *contra non valentem* as a means of suspending the running of prescription . . . . [There are] four instances where *contra non valentem* can be applied to prevent the running of prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.").

[47] *See Quilling v. Compass Bank*, 2004 WL 2093117, at *3 n.6 (N.D. Tex. Sept. 17, 2004) (citing Tex. Bus. & Com. Code § 3.118(g)(3)) ("[I]t should be noted that under Texas law, the statute of limitations for Aiding and Abetting Breach of a Fiduciary Duty is 3 years.").

## CONCLUSION

Accordingly, Defendants' motion to dismiss is **DENIED**.

**New Orleans, Louisiana, this** _28th_ **day of** ____October___ **, 2014.**


_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**